**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DIANA DULANY,

      Plaintiff - Appellant,

v.

MEGAN BRENNAN, in her official capacity as Postmaster General of the United States Postal Service, UNITED STATES POSTAL SERVICE,

      Defendant - Appellee.

No. 17-5083
(D.C. No. 4:16-CV-00149-JHP-FHM)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BALDOCK**, and **BACHARACH**, Circuit Judges.
_____

Ms. Diana Dulany sued her former employer, the United States Postal

Service (USPS), under the Family and Medical Leave Act (FMLA),

29 U.S.C. §§ 2601–2654, asserting interference and retaliation. In claiming

---

[*] The parties do not request oral argument, and it would not materially help us to decide this appeal. As a result, we are deciding the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

retaliation, Ms. Dulany alleges that she was constructively discharged. The district court granted summary judgment to USPS on all claims, and Ms. Dulany appeals. We affirm.

## I.     Ms. Dulany takes FMLA leave and ultimately resigns.

Ms. Dulany was a longtime USPS employee who worked at USPS's plant in Tulsa. In 2014, she took FMLA leave to care for her elderly mother. But Ms. Dulany also experienced problems of her own, and she was diagnosed in 2015 with anxiety disorder and attention deficit disorder, leading her to take FMLA leave on an intermittent basis.

At roughly the same time, Ms. Dulany experienced work-related problems unrelated to FMLA leave. For example, she sometimes missed work, arrived late, or left early. As a result, USPS issued Ms. Dulany three warning letters.

After receiving these letters, Ms. Dulany notified USPS that she would miss most of December 2015 because of "acute stress response." Appellant's App'x at 60. She neither requested FMLA leave nor responded to USPS's requests for additional information, which resulted in a fourth warning letter and designation of Absent Without Official Leave. This designation required Ms. Dulany to return the pay that she had collected during her absence.

Her circumstances worsened in early 2016. She was reassigned to a less desirable area of the plant and obtained a new schedule that she considered less desirable. Roughly six months later, she resigned.

## II. The district court did not err in granting summary judgment to USPS.

Ms. Dulany contends that the district court erred by granting summary judgment. We disagree.

### A. Standard of Review

In considering Ms. Dulany's contentions, we engage in de novo review. *Felkins v. City of Lakewood*, 774 F.3d 647, 650 (10th Cir. 2014). Summary judgment was appropriate only if USPS had shown (1) the absence of a genuine dispute of material fact and (2) an entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(a). To assess this two-part burden, we view the evidence in the light most favorable to Ms. Dulany. *See Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

### B. The FMLA Claims

Under the FMLA, employees can take leave for twelve weeks a year for specified reasons. 29 U.S.C. § 2612(a)(1). These reasons include caring for a parent with a serious health condition and inability to work because of a serious health condition. 29 U.S.C. § 2612(a)(1)(C)–(D). If a specified reason is invoked, the employer cannot interfere with the employee's request for leave or retaliate against the employee's exercise of rights

3

under the FMLA. *See* 29 U.S.C. § 2615(a)(1)–(2). Ms. Dulany alleges both interference and retaliation.

### 1. Interference

Ms. Dulany claims interference with the FMLA by (1) failing to consider her December 2015 absence as FMLA leave and (2) denying a request for paid sick leave in February 2016. To prevail on these claims, Ms. Dulany must show an entitlement to FMLA leave, the existence of an adverse action that interfered with her right to take FMLA leave, and a relationship between USPS's actions and the exercise of FMLA rights. *See Dalpiaz v. Carbon Cty.*, 760 F.3d 1126, 1132 (10th Cir. 2014). In our view, a reasonable fact-finder could not have found interference with Ms. Dulany's exercise of her FMLA rights.

First, Ms. Dulany argues that USPS interfered with her FMLA rights by failing to designate her December 2015 absence as FMLA leave. But as USPS points out, Ms. Dulany was not entitled to FMLA leave for her December absence because she had failed to provide the requested information.

Employees generally need not expressly assert FMLA rights; however, some form of notice is required. 29 C.F.R. §§ 825.301(b), 825.302(c). Ms. Dulany argues that she provided such notice.

With the alleged notice, USPS could inquire if it needed more information. 29 C.F.R. § 825.302(c). For example, USPS could ask for

4

"medical certification to support the need for such leave" or require Ms. Dulany to follow the regular procedural requirements for obtaining leave. 29 C.F.R. § 825.302(c)–(d). USPS could deny FMLA leave if Ms. Dulany failed to respond to the inquiries or, absent unusual circumstances, to follow the procedural requirements. *Id.*

On December 3, 2015, Ms. Dulany notified USPS that she would be out for three weeks. With this notification, she submitted

- a "Request for or Notification of Absence" form that listed the "Type of Absence" as "Sick" and

- a counselor's recommendation of release from work based on Ms. Dulany's "acute stress response."

Appellant's App'x at 59–60. Ms. Dulany had never requested FMLA leave for her December absence or complied with USPS's policy requiring a medical certification.

USPS inquired on December 11, 2015, reminding Ms. Dulany of her obligation to comply with USPS's requirements. If she could not work, she needed to "report [her] unscheduled absence" and provide a "current medical certification to substantiate [her] absence." *Id.* at 62. If Ms. Dulany's "absence [fell] within the FMLA provisions," she also had to "submit documentation in accordance with the instructions contained in" the letter. *Id.* While reminding Ms. Dulany of her obligations, USPS supplied a description of employee rights and responsibilities under the FMLA and the required certification forms, adding that failure to comply

5

with the instructions would result in discipline and designation as Absent Without Official Leave. Ms. Dulany never responded or submitted any of the necessary documents to USPS.

When Ms. Dulany returned to work on January 6, 2016, she provided a letter from a psychologist that stated: "[Ms. Dulany] is currently absent from work due to her intermittent FMLA specified reasons. She is unable to perform her daily functions and responsibilities due to this. She will be released to return to work on 1/6/16." *Id.* at 72. But the district court concluded that the psychologist's letter did not create a genuine dispute of material fact, reasoning that

- Ms. Dulany's absence had not fallen within her previously approved FMLA leave, which was limited to intermittent leave of "1-2x per month" and "2-3 days per episode," Appellee's Supp. App'x at 73, and

- Ms. Dulany had not requested FMLA leave for her December absence.

In her opening brief, Ms. Dulany fails to address the district court's reasoning, which is fatal to her appeal on the interference claim. *See Starkey ex rel. A.B. v. Boulder Cty. Soc. Servs.*, 569 F.3d 1244, 1252 (10th Cir. 2009) ("When an appellant does not challenge a district court's alternate ground for its ruling, we may affirm the ruling."); *see also Lebahn v. Nat'l Farmers Union Unif. Pens. Plan*, 828 F.3d 1180, 1188 (10th Cir. 2016) ("When a district court dismisses a claim on two or more

6

independent grounds, the appellant must challenge each of these grounds.").

In her reply brief, Ms. Dulany seeks to avoid the need for notice based on an "unusual circumstance." Appellant's Reply Br. at 3 (internal quotation marks omitted). This argument was presented too late in the appeal and was forfeited because it was not raised in the district court. *See Anderson v. Spirit Aerosystems Holdings, Inc.*, 827 F.3d 1229, 1236 n.2 (10th Cir. 2016) (holding that an argument was "too late" because it was presented for the first time in the appellant's reply brief); *Evanston Ins. Co. v. Law Office of Michael P. Medved, P.C.*, ___ F.3d ___, No. 16-1464, 2018 WL 2306871, at *3 (10th Cir. May 22, 2018) (holding that an argument was forfeited because it had not been raised in district court). But even if the argument had come earlier, it would not have created a genuine dispute of material fact.

The applicable regulations excuse compliance with an employer's requirements in "unusual circumstances." 29 C.F.R. § 825.302(d). For example, if the policy requires employees to call a specific telephone number when seeking FMLA leave, compliance may be excused if the voice mailbox is full and no one answers the call. *See id.*

In her reply brief, Ms. Dulany identifies the "unusual circumstance" as the fact that a USPS counselor had ordered her off work.[1] The counselor had relieved Ms. Dulany from working between December 3, 2015, and December 24, 2015. But the counselor's alleged instruction did not provide a reason why Ms. Dulany would be unable to comply with USPS's requirement for additional information. *See Strouder v. Dana Light Axle Mfg., LLC.*, 725 F.3d 608, 615 & n.7 (6th Cir. 2013) (holding that the employee had failed to present evidence of unusual circumstances as required to excuse violation of the employer's call-in requirements). Thus, even if Ms. Dulany's argument had been made earlier, it would not have created a genuine dispute of material fact.

Ms. Dulany also alleges interference in February 2016 when USPS gave her sick leave without pay. But USPS approved Ms. Dulany's request for FMLA leave; USPS simply denied her *paid* leave. *See* Appellant's App'x at 88 (noting that Ms. Dulany's leave request was "Approved" and "FMLA Protected"). Contrary to Ms. Dulany's suggestion, the FMLA does not guarantee *paid* leave. *See Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1180 (10th Cir. 2006) ("The FMLA guarantees the substantive rights of up to twelve weeks of *unpaid* leave . . . ." (emphasis added)); 29 C.F.R. § 825.207(a) ("Generally, FMLA leave is unpaid

---

[1]     In her opening brief, Ms. Dulany cites § 825.302(d) but fails to allege any "unusual circumstances."

leave."). Thus, Ms. Dulany has not identified a genuine dispute of material fact on this issue.

### 2. Retaliation

Ms. Dulany also claims that USPS retaliated against her for taking FMLA leave by issuing the warning letters and transferring her to a less desirable position. "Retaliation claims under the FMLA are subject to the burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973)." *Metzler*, 464 F.3d at 1170.

Under *McDonnell Douglas*, Ms. Dulany bears the initial burden of establishing "a prima facie case of retaliation." *Id*. If she satisfies this burden, USPS must identify a "legitimate, non-retaliatory reason for the employment action." *Id*. If USPS does so, Ms. Dulany would need to show that USPS's "proffered reason [was] pretextual." *Id*. We conclude that even if Ms. Dulany had established a prima facie case of retaliation,[2] USPS identified a non-retaliatory reason and Ms. Dulany failed to demonstrate pretext.

According to USPS, it issued the warning letters based on four policy violations:

---

[2] For a prima facie case, Ms. Dulany must prove causation. *Metzler*, 464 F.3d at 1171. According to Ms. Dulany, the district court erred in defining the test for causation. But we may assume, for the sake of argument, that Ms. Dulany established a prima facie case. With this assumption, we need not address whether the district court erred in defining the test for causation.

9

1. Ms. Dulany disregarded instructions to work on particular dates.

2. She arrived late or left early on seventeen occasions.

3. She failed to report to work on a particular date.

4. She failed to respond to the inquiry regarding her December absence.

As the district court concluded, these reasons are facially legitimate and non-retaliatory.

Ms. Dulany has not identified any evidence of pretext. She alleges pretext based on

- the proximity between her use of FMLA leave and USPS's adverse actions and

- USPS's "pattern of antagonism."

Appellant's Opening Br. at 29. But "temporal proximity alone is insufficient to raise a genuine issue of material fact concerning pretext." *DePaula v. Easter Seals El Mirador*, 859 F.3d 957, 976 (10th Cir. 2017) (internal quotation marks omitted). And Ms. Dulany does not deny that she violated the cited policies. We thus conclude that there is no genuine dispute of material fact on Ms. Dulany's retaliation claim based on the warning letters.

On appeal, Ms. Dulany also urges retaliation based on her transfer to a less desirable position. But she failed to present this argument when responding to the summary-judgment motion. This omission resulted in

10

forfeiture of the argument. *See Anderson*, 827 F.3d at 1236 n.2; *Evanston Ins. Co.*, 2018 WL 2306871, at *3.

### 3. Ms. Dulany's Allegation of Constructive Discharge

In alleging retaliation, Ms. Dulany seeks a declaratory judgment stating that she was constructively discharged. We are unsure whether Ms. Dulany intended to assert constructive discharge as a distinct theory of liability.[3] The district court apparently viewed constructive discharge as a distinct theory and concluded that Ms. Dulany's evidence was insufficient to avoid summary judgment. Ms. Dulany's allegation of constructive discharge is based on USPS's warning letters, transfer to a less desirable position, and schedule changes.[4] If constructive discharge had involved a distinct theory, the district court's grant of summary judgment would have been correct.

An employer constructively discharges an employee by creating "working conditions so intolerable that a reasonable person in the employee's position would feel forced to resign." *Strickland v. United Parcel Serv., Inc.*, 555 F.3d 1224, 1228 (10th Cir. 2009) (internal quotation marks omitted). "The standard is objective: the employer's

---

[3] In her opening brief, Ms. Dulany appears to treat constructive discharge as a way to prove an adverse employment action, which she identifies as an element of her retaliation theory.

[4] Ms. Dulany also cites the denial of her request for FMLA leave in February 2016. But this request was granted. *See* Appellant's App'x at 88.

11

subjective intent and the employee's subjective views on the situation are irrelevant." *Id.* An employee who voluntarily resigns cannot prevail on a theory of constructive discharge. *Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1135 (10th Cir. 2004). But a resignation is involuntary if the employee lacked an opportunity to make a free choice. *Narotzsky v. Natrona Cty. Mem'l Hosp. Bd. of Tr.*, 610 F.3d 558, 566 (10th Cir. 2010).

Even when viewed favorably to Ms. Dulany, the evidence would not demonstrate compulsion for a reasonable person to quit. Ms. Dulany complains that the warning letters led to poor working conditions, but USPS issued the letters because Ms. Dulany had repeatedly violated its policies. *See MacKenzie v. City & Cty. of Denver*, 414 F.3d 1266, 1281–82 (10th Cir. 2005) (stating that the district court properly granted summary judgment on the employee's constructive-discharge claim when the employer's disciplinary actions had resulted directly from her repeated misconduct).

According to Ms. Dulany, her transfer constituted a "slap" and the job was like "watching paint dry." Appellant's Opening Br. at 23. But her view of the new job is irrelevant. S*ee Strickland*, 555 F.3d at 1228. Objectively, Ms. Dulany's reassignment constituted a lateral transfer without a pay reduction. *See Sanchez v. Denver Pub. Schs.*, 164 F.3d 527, 532, 534 (10th Cir. 1998) (stating that the district court properly granted summary judgment on a constructive-discharge claim that involved a

12

lateral transfer resulting in an unpleasant work environment); *see also* *Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1216, 1222 (10th Cir. 2002) (stating that an alleged proposal for a transfer to a new position did not create an inference of constructive discharge because the transfer would not "involve a demotion or cut in pay"). Likewise, the change in Ms. Dulany's shifts and days off might have rendered her job difficult or unpleasant. But the difficulty or unpleasantness did not render her resignation involuntary. *See Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1135 (10th Cir. 2004) ("The question is not whether working conditions at the facility were difficult or unpleasant," but whether the employee was allowed "to make a free choice regarding [the] employment relationship." (internal quotation marks omitted)).

\* \* \*

Ms. Dulany's unhappiness with her new position did not create a reasonable inference of constructive discharge. Because Ms. Dulany has not presented evidence of a constructive discharge, a fact-finder could not reasonably find liability on a distinct claim of constructive discharge.

## III. Disposition

We affirm the district court's grant of summary judgment to USPS.

Entered for the Court


Robert E. Bacharach
Circuit Judge